## Thal *v.* Krawitz et al., Appellants.

Argued November 12, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Milford J. Meyer*, with him *Samuel Kravitz* and *Meyer, Lasch, Hankin & Poul*, for appellants.

*Abraham Wernick*, with him *Hyman Shane*, for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1949:

Charles Thal, in 1944, leased certain premises in Philadelphia from Myron J. Krawitz and Minnie R. Krawitz with an option to buy them. Myron J. Krawitz held the title in trust for himself, his mother, Minnie, and two brothers, Leonard and Lester, then in the Army. When Thal called for performance of the option, defendants refused to convey. Thal then filed a bill for specific performance in Common Pleas No. 1. Defendants answered. The case was tried on the merits by Judge MCDEVITT who decided the controlling issue in favor of defendants. That issue was whether at the time defendants Krawitz were authorized to bind Lester and Leonard Krawitz. The bill was dismissed; no appeal was taken and the decree became final.

After the termination of that litigation, Thal, who had spent a large sum of money on the place, brought this action in tort claiming misrepresentation and fraud, to his detriment, by the two defendant Krawitzs with respect to their authority to convey on behalf of

Leonard and Lester. In their answer to Thal's complaint and under new matter they pleaded that the issues of fact on which plaintiff now declared for recovery had been decided aginst plaintiff in the suit for specific performance tried by President Judge McDevitt and therefore prevented a recovery. They moved for judgment on the pleadings. Their motion was denied and disposed of in an opinion written for the court by Judge Parry. The error in the consideration of the case given by the court below appears in the following sentence from Judge Parry's opinion. "The record in the equity proceeding is not before us, the facts are not admitted, and we think a determination of the question of res adjudicata must be deferred until the trial of the case when, upon consideration of all the evidence, it may be determined whether or not there can be a recovery in this action. Steel v. Levy, 282 Pa. 338; Vondersmith v. Urban, 108 Pa. Superior Ct. 103; Naffah v. City Deposit Bank, 339 Pa. 157."

Rule 1019(g) Pa. R. C. P. provides ". . . A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending . . ." Pargraph 34 of the answer avers, "All of the facts set forth herein and all of the facts alleged in the ANSWER to the COMPLAINT have been adjudicated between the parties hereto in an action heretofore brought by the plaintiff herein against these defendants and others in the Court of C. P. No. 1, as of September Term, 1945, No. 3193, the record of which is made part hereof by reference thereto."

The corresponding paragraph of plaintiff's Reply to New Matter did not deny the existence of the record.

The facts essential to the plea of res judicata therefore appear of record since the plaintiff admits the existence of the matter relied on as showing a prior adjudication of the issues involved in the pending

controversy. The defendant is entitled to a speedy determination of this issue before he is put to a defense on the merits. The three cases cited by Judge PARRY as authority for his view were superseded by the new rule as a comparison of them with *Jones v. Costlow*, 354 Pa. 245, 47 A. 2d 259 (1946) will show.

In view of the wrong approach to the consideration of the problem we must reverse the judgment and remit the record for further proceedings.

Judgment reversed.