Costa, Appellant, *v.* Pittsburgh.

Argued November 9, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*A. N. Brunwasser,* for appellant.

*Eugene B. Strassburger, Jr.* and *Harry C. Beschel,* with them *Eugene B. Strassburger* and *Alvin J. Porsche,* for appellees.

OPINION BY WRIGHT, J., January 14, 1955:

On February 14, 1952, August R. Costa executed a proposal to purchase from the City of Pittsburgh cer-

tain real estate acquired by the City at tax sale. The proposal provided inter alia: "In the event that City Council and the Mayor act favorably in the matter and the same is approved by the Court . . . and the undersigned fails to complete the offer by payment of the balance of the purchase price within 60 days from approval by the Court, the aforesaid hand money shall be considered as liquidated damages to be applied to the costs . . ." The proposal was approved by the City Council and the Mayor on February 29, 1952, and a petition was presented at No. 223 January Term 1953C to the Court of Common Pleas of Allegheny County requesting approval of the sale. By an order dated November 28, 1952, the Court approved the sale and Costa deposited a check for $75.00, representing the down payment of ten percent. The Mayor executed a deed on December 10, 1952, and Costa was repeatedly requested to make payment of the balance of the purchase price which he failed to do. Thereafter, the property was sold to the Pittsburgh Outdoor Advertising Company. On February 24, 1952, Costa procured the issuance of a summons in equity and, after being ruled to do so, filed a complaint alleging that he had tendered the balance of the purchase price on or about September 1, 1953, at which time the sale to the Company had not been completed, and praying that the consummation of the sale be enjoined and the City be ordered to convey to him. This appeal is from an order of the court en banc sustaining preliminary objections and dismissing the complaint.

We will consider the preliminary objections in reverse order, as did the court below. The second objection avers that the matter in question is res judicata by virtue of the action of the Court at No. 223 January Term 1953C, impliedly incorporated by reference. Appellant contends that, since his complaint did not re-

fer to the prior proceeding, judicial notice cannot be taken of it, that a speaking demurrer is bad, and that the matter can only be decided on a trial, citing *Steel v. Levy*, 282 Pa. 338, 127 A. 766. But that case has been expressly superseded. See *Thal v. Krawitz*, 361 Pa. 178, 63 A. 2d 33. Where the complaint contains no reference to the prior proceeding, the correct practice is to set forth the defense of res judicata in an answer by way of new matter: *Jones v. Costlow*, 354 Pa. 245, 47 A. 2d 259. However, Mr. Justice JONES stated in that case that preliminary objections have been held competent to raise the defense of res judicata under some circumstances. Without announcing a rule of general application, we have concluded that a contrary holding in the particular situation here presented would serve no useful purpose. As was said by Mr. Justice CHIDSEY in *Fleming v. Strayer*, 367 Pa. 284, 80 A. 2d 786, ". . . obviously the prior judgment would be successfully interposed if the preliminary objections were dismissed and the appellees required to answer".

The first preliminary objection avers that appellant has an adequate remedy at law. Such objection is expressly permitted by the Rules of Civil Procedure governing the Action in Equity, Rule 1509 (b) of which provides: "The objections of laches and failure to exercise or exhaust a statutory remedy may be raised by preliminary objection, answer or reply but are not waived if not pleaded". It is not disputed that the real estate in question was acquired by the City at tax sale. The procedure for selling such real estate has been outlined by the Legislature. See the Act of July 5, 1947, P. L. 1258, 53 PS §10201.1 et seq. Under this statute, appellant had an opportunity to assert any claim he might have to the property in question, with the right to have his claim heard and disposed

of by the Court. In the words of Mr. Chief Justice MAXEY in *Kane v. Morrison*, 352 Pa. 611, 44 A. 2d 53: "A court of equity is not a forum which may be resorted to by those who fail to avail themselves of the remedies provided by law for the vindication of rights which they allege have been violated. Since the establishment of courts of equity in this Commonwealth, resort to a court of equity has been uniformly and consistently denied to those who neglect to invoke an adequate statutory remedy".

The order of the court below is affirmed.