Callery et al., Appellants, *v.* Blythe Township Municipal Authority.

Argued April 24, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*W. J. Krencewicz,* for appellants.

*Ralph M. Bashore,* with him *Bashore and Lindsay,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1968:

Appellants, owners and occupiers of a dwelling located in Blythe Township, brought a trespass action against the township municipal authority alleging a failure to supply "pure and wholesome water." The authority filed preliminary objections, consisting of a motion to strike, a motion for a more specific pleading, and a demurrer. The latter was predicated upon the authority's assertion that a prior action commenced in 1962 by one of the appellants and concluded adversely to her was res judicata of the present action (commenced in December of 1965). The court below agreed that the res judicata defense was meritorious and thus sustained appellees' demurrer; this appeal was then taken.

### I.

Initially, appellants question the propriety of asserting the defense of res judicata by preliminary objections, contending that the proper vehicle is a responsive pleading, i.e., an answer, containing new matter. Such a course is contemplated by Pa. R. C. P. 1030: "All affirmative defenses, including . . . res judicata . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." See also Pa. R. C. P. 1045(b). The rationale for this procedure stems from the fact that a court may not ordinarily take judicial notice in one case of the records in another case even though the case arose in the same court and the contents of those records are known to the court. See, e.g., *Naffah v. City Deposit Bank,* 339 Pa. 157, 13 A.

2d 63 (1940). It follows that, unless the circumstances necessary to sustain the plea of res judicata appear on the face of the complaint, the defense must be raised in an answer and not by preliminary objections. See *Jones v. Costlow*, 354 Pa. 245, 47 A. 2d 259 (1946). In *Jones*, for example, the complaint contained no reference to any prior action between the parties. The answer, however, asserted in new matter the defense of res judicata, placing this issue before the court and compelling the plaintiff to file a responsive pleading upon penalty of admitting the facts alleged in the new matter. See also *Thal v. Krawitz*, 361 Pa. 178, 63 A. 2d 33 (1949).

Appellees rely on two cases in which the affirmative defense of res judicata was successfully asserted via preliminary objections. In the first of these, *Kiely v. J. A. Cunningham Equipment, Inc.*, 387 Pa. 598, 128 A. 2d 759 (1957), we expressly stated that plaintiff's complaint made reference to the prior action thus permitting the defense to be raised by preliminary objections. Similarly, the complaint of plaintiff in *Fleming v. Strayer*, 367 Pa. 284, 80 A. 2d 786 (1951), referred to a prior action. The complaint was then amended to delete any reference to the prior suit; we held, however, that the admission of the existence of a prior judgment still appeared upon the face of the record and permitted defendant to assert a res judicata defense in preliminary objections.[1] We conclude

---

[1] The last sentence of the *Fleming* opinion (supra at 289, 80 A. 2d at 789) has spawned some confusion: "It may be added that obviously the prior judgment would be successfully interposed if the preliminary objections were dismissed and the appellees required to answer." A line of Superior Court cases has apparently read this sentence to indicate that, if the defense of res judicata will obviously be successful, it may be asserted via preliminary objections. See, e.g., *Costa v. Pittsburgh*, 177 Pa. Superior Ct. 380, 110 A. 2d 884 (1955). This reasoning would vitiate the require-

that, since appellants' complaint makes no reference to the prior 1962 action, appellees should have asserted their affirmative defense of res judicata by new matter contained in an answer to the complaint.[2]

## II.

Appellees suggest that, if we adopt appellants' position, unnecessary litigation will be engendered for the court below has already decided the merits of the res judicata claim adversely to appellants. The result of a decision based on procedural grounds alone would result in assertion of the res judicata defense in appellees' answer at which time the court below would again enter judgment in their favor. We faced a similar problem in *Brown v. Hahn*, 419 Pa. 42, 50, 213 A. 2d 342, 346 (1965) : "Nothing is to be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy." We therefore turn to a consideration of whether the court below properly sustained appellees' plea of res judicata.

To support a claim of res judicata the party asserting this defense must show a concurrence of four con-

ment of Rule 1030 that affirmative defenses be asserted in the new matter section of the answer. If successful, then the party asserting the defense of res judicata could employ preliminary objections; if not successful, then nothing is lost to that party by failure to comply with the rules.

[2] Nor are the only procedural irregularities those of the appellees. If the appellants wished to challenge appellees' method of raising their res judicata claim, the proper procedure would have been a preliminary objection in the nature of a motion to strike because of lack of conformity to law or rule of court. Just such a procedure is required by Pa. R. C. P. 1017 (b) (2) and is available to challenge improper matter contained in a defendant's preliminary objections. See *Rufo v. The Bastian-Blessing Company*, 417 Pa. 107, 207 A. 2d 823 (1965).

ditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman,* 417 Pa. 187, 208 A. 2d 786, cert. denied, 382 U.S. 833, 86 S. Ct. 76 (1965). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Hochman v. Mortgage Finance Corp.,* 289 Pa. 260, 137 Atl. 252 (1927). Applying these tests, we are compelled to conclude that identity of the thing sued upon is here lacking and that, on this state of the record, the ultimate and controlling issues were not decided in the 1962 equity action.

In June of *1962* appellants brought an action in equity asserting that appellee authority had failed to provide "pure and wholesome water" and seeking a mandatory injunction directing the authority to provide "pure and wholesome water" to consumers in the village of Tuscarora. The complaint in equity also sought damages caused by the acts of the authority prior to June, 1962. A hearing was held in 1964 on the equity action and, on November 30, *1964,* the complaint was dismissed. In his findings of fact the chancellor specifically found that the water served by the authority was then "potable" and "chemically and bacteriologically wholesome," although concededly having an unpleasant taste at various times. These findings were based upon tests and reports made by the Department of Health of the Commonwealth and by independent laboratories, all made *prior* to the opinion date of November 30, *1964.*

Nothing then happened for more than a year, until November, *1965,* at which time the authority demanded $289.67 from appellants for alleged back water

rates with the threat to shut off appellants' water. Appellants declined to pay and the authority cut off their water on December 6, 1965. Appellants promptly commenced this action of trespass on December 16, 1965 against the authority and its general manager. The complaint asserted the failure to provide "pure and wholesome water" for the period prior to December 6, 1965 and sought money damages in trespass from the authority for allegedly wrongful shutting off of appellants' service and for refusal to restore the service.[3]

The 1962 action was thus brought on the basis that the authority supplied unwholesome water *prior* to June, *1962*. The chancellor's decision was that the authority's water was wholesome up to some time in *1964*. The 1965 action presented at least one new issue which could not possibly have been decided in the earlier action. Did the authority furnish "pure and wholesome water" during the calendar year *1965*?

Neither the opinion below nor appellees' brief explain how a finding that wholesome water was furnished some time in the years 1962 to 1964 is res judicata that wholesome water was furnished in the spring, summer and fall of 1965. It may very well be that the 1964 equity adjudication is res judicata as to the wholesomeness of the water up to the date of the last test made in 1964 by the Department of Health or by outside agencies or perhaps even as of the date of the 1964 decree, a question we need not here decide. All that we need note is that the condition of the water may well have changed after the 1964 decree was rendered. In essence, appellants wish to litigate a claim

---

[3] Appellants' 1965 action also contains the additional claim that one of the appellants, Mrs. Ann Callery, had a pre-existing heart ailment which was aggravated by the effort expended in carrying water after the authority terminated service to the Callery residence.

which could not possibly have been raised in the 1962 action and thus can find support in cases such as *Rieck Ice Cream Company Appeal*, 417 Pa. 249, 209 A. 2d 383 (1965) and *Haefele v. Davis*, 399 Pa. 504, 160 A. 2d 711 (1960), both of which hold that an adverse adjudication against a party concerning conditions allegedly existing in year "X" is not res judicata of a claim that the conditions which were adjudicated not to exist in year "X" do exist in year "Y", a year not covered by the year "X" adjudication.

We express no opinion on the merits of the controversy or whether the appellants can ultimately succeed. We merely decide that they cannot be deprived of their day in court on the ground that the 1964 decision of the chancellor in the 1962 action is res judicata of their present claims as to what happened in 1965. Nor do we express any opinion on the two undecided motions in appellees' preliminary objections which the court below declined to decide when the demurrer was sustained.

The judgment is vacated and the record remanded for further proceedings consistent with this opinion.

Mr. Chief Justice BELL concurs.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

I concur only in that part of the result reached by the majority which vacates the judgment of the court below and remands the case for further proceedings. While I agree with the majority that appellees should have asserted their affirmative defense of res judicata by "New Matter" under Pa. R. C. P. 1030 in an answer to the complaint, I must dissent from the majority's conclusion that it would serve no useful purpose in sending the parties back to the trial court in order to correct the procedural posture of this case. In this respect, the majority exclusively relies upon one state-

ment taken out of context from this Court's decision in *Brown v. Hahn,* 419 Pa. 42, 213 A. 2d 342 (1965), which reliance, in my view, is completely unwarranted and misplaced. The basis for our decision in *Hahn* is easily demonstrated by quoting the language immediately preceding the majority's out of context statement wherein Justice JONES, speaking for a unanimous Court, remarked: "Even though Hahn erred procedurally, the confusion which has existed as to the proper procedure for raising the Statute of Frauds offers some excuse for Hahns' procedural error. Under the *instant circumstances,* we should decide this appeal on its merits as though the issue of the Statute of Frauds had been properly raised under Rule 1030. All the relevant documents have been stipulated by the parties and made part of the record, the question of the Statute of Frauds was presented to and determined by the court below and both parties have briefed and argued the question before this Court. Nothing is to be gained by sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy." (Emphasis supplied.)

The result reached in *Hahn* was prompted and necessitated by the fact that the law with respect to the proper procedure for raising the defense of the statute of frauds was apparently in a state of confusion. As pointed out in *Hahn,* under these circumstances, the court felt compelled to treat the case as though the defense had been properly raised under Rule 1030. However, the majority of this Court by taking one statement out of the factual and legal context in *Hahn* has promulgated and sanctioned a new principle of law which directly contravenes and seriously undermines the viability of Rule 1030. The majority opinion amounts to an open invitation, both to the litigants

and the lower courts, to ignore the mandatory language of Rule 1030 and decide all affirmative defenses by way of preliminary objections without fear that on appeal this Court will do nothing more than slap their hands and at the same time treat the case as though the correct procedure had been followed. Moreover, it is quite clear that the instant case cannot be so easily distinguished on the basis that the law with respect to the proper procedure for raising the defense of res judicata had heretofore been in a confusing state. For these reasons I would vacate the judgment of the court below without deciding the merits of the controversy and remand the case for the purpose of requiring both the parties and the court below to follow the mandatory procedure outlined under the present rules of civil procedure.

I dissent.