**Fitzgerald v. Central Gulf Steamship Corp.**

*Avram G. Adler,* for plaintiff.
*Joseph M. Gindhart,* for defendant.

GREENBERG, J., September 11, 1970.—Plaintiff herein has brought this action seeking damages for injuries allegedly sustained while employed by defendant as a member of the crew of defendant's ship, the S/S "Green Island," while said vessel was at sea. A prior action instituted by plaintiff in the Court of Common Pleas, March term, 1969, no. 4517, was dismissed by Judge Joseph Sloane in an order dated June 3, 1969, sustaining defendant's preliminary objections. Plaintiff subsequently filed a complaint in the instant action which was identical to that filed in the original action except as to plaintiff's averment of his residence. In an order dated February 6, 1970, we dismissed defendant's preliminary objections which raised questions of jurisdiction and res judicata. Presently before us is defendant's petition for reconsideration of its preliminary objections.

Despite defendant's urgings, we are disinclined to alter our decision. Defendant's preliminary objections raise two matters. First, they deny plaintiff's averment of residence in the complaint filed herein. Second, they allege that the prior action, brought in March term, 1969, no. 4517, is dispositive of the present complaint.

At this posture of the case, we have before us only plaintiff's verified complaint and defendant's preliminary objections, to which no verification on oath has been attached, as well as defendant's present petition and plaintiff's answer thereto. Plaintiff has alleged in paragraph 1 of the complaint that he resides at 3539 North Fifteenth Street, Philadelphia, Pa. In its preliminary objections, defendant has merely denied said allegation of residence, failing even to include a sworn affirmation that said denial was true. Not only has defendant failed to aver plaintiff's "true" residence, but it has also neglected to include an allegation, or any evidence, as to why defendant has reason

to believe that plaintiff's address, as stated in the complaint, is false. Under these circumstances, we feel that defendant, as the objecting party, has failed to meet its burden of placing before the court, at the very least, sufficient averments of fact to support its objection. Defendant has only offered a bare denial of a fact alleged in the complaint. This is totally insufficient to support defendant's objection, especially since defendant, by its preliminary objections, admits as true all facts which are averred in the complaint: Carlin v. Pennsylvania Power and Light Company, 363 Pa. 543, 70 A. 2d 349 (1950); Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491 (1955). Accordingly, we ordered that defendant's preliminary objection be dismissed.

Our ruling on defendant's first objection lends support to, and makes possible, our dismissal of the second objection. That objection avers that Judge Sloane's ruling on defendant's preliminary objections in the action at March term, 1969, no. 4517, is controlling in the present matter, and that, accordingly, the doctrine of res judicata mandates a similar finding here.

Defendant's preliminary objections in the prior action moved for dismissal of the suit under the doctrine of forum non conveniens. Judge Sloane's decision to sustain said objections was surely based, at least in part, upon plaintiff's averment that he resided at 1615 Colorado Street, Houston, Texas. It is alleged in paragraph 1 of the instant complaint that plaintiff presently resides at 3539 North Fifteenth Street, Philadelphia, Pa., and, as explained above, we accepted this averment as true for the purpose of the preliminary objections which were before us. The fact that plaintiff presently resides within the geographical jurisdiction of this court, and the fact that he chose to institute suit here, we feel to be of great significance in our consideration of whether the court will exer-

cise its jurisdiction in this action. The former fact was not before Judge Sloane, and, accordingly, the doctrine of res judicata would not be applicable in this instance because an "identity of the quality or capacity of the parties suing or sued" is lacking here. See Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 311-12 (1968).

Accordingly, we enter the following order.

## ORDER

And now, September 11, 1970, defendant's petition for reconsideration is denied, with leave to defendant to file an answer within 20 days of the date hereof.