## Rutherford v. Miner

*William R. Balaban*, for plaintiff.
*William A. Fetterhoff*, for defendant.

SHUGHART, *P.J.*, July 13, 1982—Plaintiff filed a complaint in assumpsit and trespass on June 7, 1976, in the above action, alleging breach of a partnership agreement and fraud. In response, defendant petitioned for a stay of the proceedings pending final outcome of an accounting action brought by plaintiff and docketed at no. 17 June term 1974. On June 14, 1976, Honorable G. Thomas Gates, specially presiding, issued a rule upon plaintiff to show cause why the action should not be stayed. Meanwhile, the proceedings were stayed pending resolution of defendant's petition. Although plaintiff responded to the rule to show cause, apparently no further action was taken on the request for a stay.

The next action was taken almost a year later on April 11, 1977, when defendant filed a petition to dismiss the complaint. Therein he alleged that plaintiff's claim had been resolved by the decision in the accounting action. Apparently basing his motion on the doctrine of res judicata, he prayed for

the dismissal of plaintiff's complaint. Plaintiff answered on April 29, 1977, but no further action was taken.

The very same day, upon praecipe of plaintiff, judgment was entered for plaintiff on the basis that defendant failed to file his answer within the required time. Plaintiff concurrently filed a praecipe for writ of execution. Upon defendant's request, however, Judge Gates stayed all further proceedings in regard to the execution upon the judgment pending further consideration. Again, the case laid dormant for an extended period of time. Not until four years later, on May 11, 1981, did defendant file his petition to strike off the judgment and writ of execution. Plaintiff responded to defendant's petition on June 2, 1981.

Within the foregoing procedural discourse are three matters that require our attention: (1) defendant's June 16, 1976, petition for a stay of the proceedings; (2) defendant's petition to dismiss the complaint; and (3) defendant's petition to strike off the judgment and writ of execution. The first and latter can be resolved posthaste. Defendant's petition for a stay can be denied since the reason for the request, the pending accounting action, no longer exists. That action, docketed at 17 June term, 1974, has long since been terminated. On the other hand, defendant's request to strike off the judgment and writ of execution will be granted. Plaintiff improperly filed praecipes for judgment and writ of execution while defendant's motion to dismiss, which is really a preliminary objection, was pending before the court. Consequently, both the judgment and writ of execution are defective.

The remaining matter concerns defendant's petition to dismiss. Although not labeled as such, we will treat the petition as a preliminary objection,

interposed as it is between the complaint and answer. The Pennsylvania Rules of Civil Procedure, however, do not give the parties to civil proceedings free rein to raise any issues they wish through preliminary objections. To the contrary, Pa.R.C.P. 1017(b) expressly sets forth the permissible issues for preliminary objections. Noticeably absent from the list is the defense of res judicata. Instead, res judicata is explicitly mentioned in Pa.R.C.P. 1030 as an affirmative defense to be pleaded as new matter. Therefore, if defendant desires to properly raise the defense of res judicata, then he may do so as part of his answer under new matter. See Costa v. Pittsburgh, 177 Pa. Superior Ct. 380, 110 A. 2d 884 (1955); Duquese Slag Products Co. v. Lench, 44 Pa. Commonwealth Ct. 385, 403 A. 2d 1065 (1979); McCullough v. Main Line Federal Savings and Loan Association, 75 D. & C. 2d 442 (1976).

Notwithstanding the clear language of these rules, we recognize that our appellate courts have addressed the merits of affirmative defenses raised as preliminary objections in the absence of an objection to the procedural irregularity by the non-moving party. See, e.g., Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 243 A. 2d 385 (1968) (sustaining preliminary objections raising defense of res judicata); Rufo v. The Bastian-Blessing Co., 417 Pa. 107, 207 A. 2d 823 (1965) (defense of statute of limitations raised by preliminary objection); McDevitt v. A. Golin, 35 Pa. Commonwealth Ct. 409, 386 A. 2d 627 (1978) (procedural irregularity of raising affirmative defense as preliminary objection overlooked in interests of judicial economy). Nevertheless, preliminary objections to plaintiffs' complaints that raise affirmative defenses will be considered only when adequate facts for resolution of the issue appear in

the complaint itself. See Greenberg v. Aetna Insurance Co., 427 Pa. 511, 235 A.2d 576 (1967), cert. denied, 392 U.S. 907 (1968); Iudicello v. Com., 34 Pa. Commonwealth Ct. 361, 383 A. 2d 1294 (1978). Since it is not a factual pleading, a preliminary objection cannot serve as a vehicle in which to bring to the court's attention facts essential to prove an affirmative defense. Moreover, the court will not normally take judicial notice at the preliminary stages of a proceeding, Com. v. Knox, 29 Pa. Commonwealth Ct. 302, 305 n. 4, 370 A. 2d 1238, 1239 (1977), even of its own records in another case involving the same parties: Callery v. Blythe Township Municipal Authority, 432 Pa. 307, 243 A. 2d 385 (1968); McBurnie v. Grohol, 55 D. & C. 2d 146 (1972). Accordingly, since plaintiff's complaint, standing by itself, contains insufficient facts with which to resolve the issue of res judicata, we decline to waive the requirements of Rules 1017 and 1030 and address the merits.

In doing so, we anticipate the issue will be before us at a later time. Defendant is reminded, however, that judgment on the pleadings or summary judgment is granted only in cases which are "clear and free from doubt." Dilks v. Flohr Chevrolet, 411 Pa. 425, 430, 192 A. 2d 682, 685 (1963). Moreover, the record will be examined in the light most favorable to the non-moving party: Amabile v. Auto Kleen Car Wash, 249 Pa. Superior Ct. 240, 376 A. 2d 247 (1977). In brief, mere conclusory allegations will not sustain the moving party's burden. In particular, before judgment will be entered on the basis of res judicata, we will have to be convinced that all four conditions for a finding of res judicata have been met. Furthermore, the burden of showing the existence of these elements is upon the moving party, not the court. On the other hand, a claim of

res judicata cannot be successfully rebutted by a mere showing that the cases involved different measures of damages. It is the cause of action, not the remedy, that must be different. With this said we are confident that the present action, which has lingered in the judicial system for six years without progress, can now proceed expeditiously.

## ORDER

And now, July 13, 1982, for the reasons appearing in the opinion filed this date, all stays in the present action are terminated, the default judgment and writ of execution are stricken, and the motion to dismiss is overruled. Defendant is given 20 days in which to file an answer.