**Mary Jo TAKACS, Appellant**

v.

**INDIAN LAKE BOROUGH.**

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2010.
Decided Dec. 22, 2010.

Robert P. Ging, Jr., Confluence, for appellant.

Daniel W. Rullo, Somerset, for appellee.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Mary Jo Takacs (Takacs) appeals from the December 4, 2009, order of the Court of Common Pleas of Somerset County (trial court), which granted the preliminary objections filed by Indian Lake Borough (Borough) and dismissed her appeal challenging the September 9, 2009, decision of Indian Lake Borough Council (Council) to grant a boat dock easement to St. Clair Resort Development, LLC (St. Clair). We reverse and remand.

On August 8, 2007, Council voted to grant a boat dock easement to St. Clair. Takacs filed an appeal with the trial court (First Appeal), asserting, *inter alia*, that Council violated the Sunshine Act.[1] On August 26, 2009, the trial court concluded that Council had violated the Sunshine Act, but the trial court gave Council sixty days to remedy the violation. At Council's next regularly scheduled meeting on September 9, 2009, Council voted four to three to grant the boat dock easement to St. Clair.

On October 9, 2009, Takacs filed an appeal with the trial court from Council's September 9, 2009, decision (Second Appeal). Takacs argued, *inter alia*, that: (1) the new Council president had a conflict of interest and, thus, should not have voted on the boat dock easement question; and (2) Council improperly refused to consider an offer Takacs made to buy or lease the boat dock easement from the Borough. (*See* Amended Notice of Appeal, ¶¶ 14–15, 16–19; R.R. at 48a–49a.)

---

1. 65 Pa.C.S. §§ 701–716.

As to Takacs' First Appeal, which was still pending, the trial court held on October 26, 2009, that, because Council had ratified its August 8, 2007, grant of the boat dock easement, the Sunshine Act violation issue was moot. (*See* Trial Ct.'s 10/26/09 Order, ¶ 1, R.R. at 42a.) Takacs filed an appeal of the October 26, 2009, order with this court at 2186 C.D. 2009.

The Borough subsequently filed preliminary objections to the Second Appeal filed with the trial court. On December 4, 2009, after argument, the trial court granted the preliminary objections and dismissed the Second Appeal. In doing so, the trial court concluded that the Second Appeal was barred by the doctrine of *res judicata.* Takacs now appeals to this court.

■ Takacs asserts that preliminary objections are not proper in a zoning appeal and that Pa. R.C.P. No. 1028, relating to preliminary objections, does not apply. Takacs is correct. The Pennsylvania Rules of Civil Procedure are inapplicable to all statutory appeals, including a zoning appeal. *Human Development of Erie, Inc. v. Zoning Hearing Board,* 143 Pa. Cmwlth. 675, 600 A.2d 658, 662 (1991).

Takacs also asserts that her Second Appeal before the trial court was not barred by the doctrine of *res judicata* to the extent she raised issues that she could not have raised in the First Appeal. We agree.

■ To support a claim of *res judicata,* a party must show a concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quali-

ty or capacity of the parties suing or sued. *Callery v. Municipal Authority,* 432 Pa. 307, 311–12, 243 A.2d 385, 387 (1968). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Id.*

■ In her Second Appeal, Takacs raised two issues that she could not have raised in her First Appeal, i.e., Takacs did not have an opportunity to assert her rights with respect to these issues and to have them decided in the prior proceeding. First, Takacs argued in her Second Appeal that the new Council president had a conflict of interest and, thus, should not have voted on the boat dock easement question. Takacs could not have raised this issue in her First Appeal because Council had a different president at that time.[2] Second, Takacs argued in her Second Appeal that Council improperly refused to consider an offer she made to buy or lease the boat dock easement from the Borough. Takacs could not have raised this issue in her First Appeal because she did not make the offer until Council attempted to remedy the Sunshine Act defects on September 9, 2009.

Accordingly, we reverse the trial court's order and remand for further proceedings on the two issues properly raised by Takacs.

### ORDER

AND NOW, this 22nd day of December, 2010, the order of the Court of Common Pleas of Somerset County, dated December 4, 2009, is hereby reversed, and this

---

2. Moreover, we note that, whereas the September 9, 2009, vote was four to three in favor of granting the easement, the August 8, 2007, vote was unanimous. (*See* Council Minutes, 9/9/09, at 3, R.R. at 29a.) Because the initial vote was unanimous, Takacs would have gained nothing by arguing that one person should not have voted due to a conflict of interest.

case is remanded to that court for further proceedings.

Jurisdiction relinquished.