**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3127
_____

ALAN J. ROSS;
ALAN J. ROSS INSURANCE AGENCY INC.

v.

BENNETT MEYER; MEYER-CHATFIELD CORP.;
DAVID L. BRAVERMAN; JOHN KASKEY;
BRAVERMAN KASKEY PC

(E.D. Pa. No. 2-12-cv-00998)

MEYER-CHATFIELD CORPORATION;
BENNETT S. MEYER;
ZCRACKERBOX, LLC;
BRAVERMAN KASKEY, P.C.

v.

ALAN J. ROSS individually d/b/a SAVE ASSOCIATES;
ALAN J. ROSS INSURANCE AGENCY INC.
d/b/a SAVE ASSOCIATES

(E.D. Pa. No. 2-12-cv-02760)

Alan J. Ross,
          Appellant

_____

No. 16-3146
_____

ALAN J. ROSS;
ALAN J. ROSS INSURANCE AGENCY INC.

v.

BENNETT MEYER; MEYER CHATFIELD CORP.;
DAVID L. BRAVERMAN; JOHN KASKEY;
BRAVERMAN KASKEY, P.C.

(D.C. No. 2-12-cv-00998)


MEYER-CHATFIELD CORPORATION;
BENNETT S. MEYER; ZCRACKERBOX, LLC;
BRAVERMAN KASKEY, P.C.

v.

ALAN J. ROSS individually d/b/a SAVE ASSOCIATES;
ALAN J. ROSS INSURANCE AGENCY INC.
d/b/a SAVE ASSOCIATES

(D.C. No. 2-12-cv-02760)

Meyer-Chatfield Corp.; Bennett Meyer; David L. Braverman,
John Kaskey; Braverman Kaskey, P.C.; Zcrackerbox, LLC,
Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. Action Nos. 2-12-cv-00998 & 2-12-cv-02760)
District Judge: Honorable Nitza I. Quiñones Alejandro

2

RESTREPO, *Circuit Judge*.

Alan J. Ross sued the Meyer-Chatfield Corporation ("MC"), Braverman Kaskey ("BK"), Bennett S. Meyer, David L. Braverman, and John E. Kaskey, alleging, *inter alia*, breach of contract and fraud. Ross appeals from the District Court's order dismissing his second amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). MC, BK, ZCrackerbox, LLC, and related individuals cross-appeal the District Court's decision to grant Ross's motion for relief under Federal Rule of Civil Procedure 60(b)(6) and deny their request for compensatory damages. For the reasons that follow, we will affirm.

**I**

Because we write solely for the benefit of the parties and the facts at issue here have been litigated in several fora, we set out only the facts and procedural history necessary to our discussion.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Alan J. Ross is the inventor of an investment vehicle "for pooling institutionally-owned life insurance policies" known as Pooled Benefit Trusts ("PBTs"), for which he obtained a patent in 1999. App. 24. In 2006, Ross[1] and MC entered into an agreement whereby MC would market PBTs and, in 2008, Ross and MC entered into an oral agreement regarding MC's receipt of a minority equity interest in the patent. At the same time, Ross was engaged in negotiations with third parties not-in-interest to this suit, Balshe LLC and The Simon Law Firm (collectively, "Balshe"), which also wanted to purchase an interest in the patent.

Balshe ultimately sued Ross for breach of an oral agreement to sell Ross's remaining interest in the patent and for attempting to sell the patent to a third party. Ross removed the action to the United States District Court for the Northern District of Illinois, and MC intervened to protect its own interest in the patent (the "Initial Action"). BK agreed to represent both MC and Ross in the Initial Action on a contingency fee basis, whereby payment would consist of equity interest in a newly-formed company to which ownership of the patent would be transferred. On June 5, 2008, the parties memorialized their understanding that, if BK and Ross were to prevail in or settle the Initial Action, BK would receive 10 percent ownership interest and Ross and Meyer would each receive 45

---

[1] Although the party entering into the various agreements with MC and BK was SAVE Associates or the Alan J. Ross Insurance Agency, Inc. d/b/a SAVE Associates, the Court refers only to Ross herein for ease of reference, and because Ross alleges and admits that Alan J. Ross Insurance Agency, Inc. d/b/a SAVE Associates is "a sole proprietorship and brand name consisting of Alan J. Ross only and [is] indistinguishable in operation or for tax purposes from Alan J. Ross[.]" App. 65 ¶ 2.

percent ownership interest in the new company, MRB Pooled Benefits, LLC (the "MRB Agreement"). The parties also agreed that the executive committee of MRB Pooled Benefits, LLC would consist of Meyer, Ross, and Braverman.

On June 26, 2008, Balshe, MC, and Ross settled the Initial Action pursuant to an agreement which provided that they would collectively form another entity, Institutional Pooled Benefits LLC ("IPB"), to exploit the patent ("Settlement Agreement"). Per the Settlement Agreement, Ross was to assign the patent to IPB, which would be owned 45 percent by Balshe, 45 percent by MC, and 10 percent by Ross. Accordingly, the MRB Agreement was revised to change ownership percentages, and specify that Ross would transfer the patent to IPB ("Revised MRB Agreement"). Disputing the terms, Ross did not transfer the patent. In response, MC and Balshe sent Ross a demand letter seeking performance and, when Ross did not comply, the parties filed cross-motions to compel compliance with the Settlement Agreement.

In September 2010, the Northern District of Illinois ordered Ross to transfer his interest in the patent pursuant to an amended settlement agreement. However, due to a jurisdictional defect in that order, Balshe and MC filed a new action against Ross in February 2012 to enforce the Settlement Agreement ("Second Illinois Action," together with the Initial Action, the "Illinois Actions").[2] In January 2014, the Northern District of

---

[2] In accordance with the parties' belief that the Northern District of Illinois had retained jurisdiction over the Settlement Agreement, the parties initially filed cross-motions to compel compliance with the agreement in the Initial Action. Upon Ross's appeal from the order compelling his compliance, the Seventh Circuit held that the District Court had not retained subject matter jurisdiction over the Settlement Agreement when it dismissed the Initial Action with prejudice. The Seventh Circuit instructed that

Illinois ultimately ordered Ross to transfer his interest in the patent, consistent with its 2010 order, and awarded damages to Balshe and MC to be assessed against Ross. Ross appealed, and the Seventh Circuit affirmed the District Court in July 2015.

Meanwhile, in February 2012, Ross sued MC, BK, Meyer, Braverman, and Kaskey in the Eastern District of Pennsylvania alleging, *inter alia*, breach of the Revised MRB Agreement and Settlement Agreement and fraud in connection with those agreements. MC, Meyer, BK, and ZCrackerbox—an entity formed by Braverman and Kaskey—(collectively, "Cross-Claimants") sued Ross in Pennsylvania state court to enforce the Revised MRB Agreement. Those suits were consolidated in the Eastern District of Pennsylvania and form the dispute underlying the instant appeal.

In June 2014, the District Court took judicial notice of the orders entered in the Illinois Actions, and entered orders: granting Cross-Claimants' motions for partial summary judgment as to Ross's liability only, on *res judicata* and collateral estoppel grounds; dismissing Ross's second amended complaint; denying Ross's motion to dismiss the cross-claim; and placing the remainder of Cross-Claimants' suit in civil suspense, pending a final decision in the Second Illinois Action. Once the suit was restored to active status, the District Court dismissed the remainder of the cross-claim on the basis of *res judicata*; granted Ross's motion for Rule 60(b)(6) relief; and denied Cross-Claimants' request for damages. Ross appeals the order dismissing his second amended complaint; Cross-Claimants appeal the order precluding damages.

---

the proper vehicle for any enforcement of the Settlement Agreement would be a new breach of contract action.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's order granting a motion to dismiss pursuant to Rule 12(b)(6). *N.Y. Shipping Ass'n Inc. v. Waterfront Comm'n of N.Y. Harbor*, 835 F.3d 344, 352 (3d Cir. 2016). Although we must accept all well-pleaded factual allegations as true, we must separately determine whether those allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

"We review for abuse of discretion a district court's denial of [or decision to grant] a motion under Rule 60(b)(6)." *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014). "[A] district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Cox*, 757 F.3d at 120). In this context, an abuse of discretion requires a clearly erroneous finding of fact, an erroneous conclusion of law, or improperly applying the law to the facts. *Cox*, 757 F.3d at 118.

## III

### A

The District Court's decision to dismiss Ross's second amended complaint on the basis of *res judicata* was sound.[3] The doctrine of *res judicata* is an affirmative defense

---

[3] "Collateral estoppel customarily refers to issue preclusion, while *res judicata*, when used narrowly, refers to claim preclusion. This court has previously noted that the

7

that may "properly be the grounds for a motion to dismiss for failure to state a claim . . . pursuant to Fed. R. Civ. P. 12(b)(6)." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). It applies when "there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *5 Unlabeled Boxes*, 572 F.3d at 173 (quoting *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)). "The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery v. Mun. Auth. of Blythe Twp.*, 243 A.2d 385, 387 (Pa. 1968); *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) ("[R]*es judicata* generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.") (alteration in original) (internal citation and quotation marks omitted).

First, the Northern District of Illinois's decision ordering Ross to transfer his interest in the patent and granting damages to be assessed against him is a final judgment on the merits. Although that order was on appeal at the Seventh Circuit at the time the Eastern District of Pennsylvania issued the order now appealed by Ross, we have previously recognized that "the pendency of an appeal does not affect the potential for *res judicata* flowing from an otherwise-valid judgment." *5 Unlabeled Boxes*, 572 F.3d at 175; *see also* Restatement (Second) of Judgments §13(f) ("[A] judgment otherwise final

_____

preferred usage of the term *res judicata* encompasses both claim and issue preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009) (internal quotation marks and citation omitted).

remains so despite the taking of an appeal . . . ."). The Illinois decision was thus a "final judgment" for the purposes of *res judicata*.

Second, as the District Court rightly found, the "ultimate and controlling issue[,]" *id.*, at the center of Ross's second amended complaint, the cross-claims against him, and the Illinois Actions is the same: "Ross's obligation to transfer all interest and right in the patent[]"—or not. App. 31. Moreover, the same contracts are at issue: the MRB Agreement, the Amended MRB Agreement, the Settlement Agreement, and related operating agreements. The Northern District of Illinois expressly considered all of these, as addressing them in concert was the only way to untangle the obligations that the parties owed to one another. As the Eastern District of Pennsylvania found, the various claims asserted in Ross's second amended complaint stem entirely from negotiations related to these agreements or the agreements themselves. Any such claims and the overarching issue of Ross's obligation have already been resolved by the Northern District of Illinois's judgment.

Finally, the exact parties or their privies involved in the Illinois Actions are parties to this suit. *E.E.O.C.*, 921 F.2d at 493 (noting privity only requires that "the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*.").

All the requirements of *res judicata* having been met, we affirm the District Court order dismissing Ross's second amended complaint.[4]

---

[4] "[A] claim extinguished by *res judicata* 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series

**B**

We further hold that the District Court did not err by granting Rule 60(b)(6) relief to Ross and denying damages to Cross-Claimants. Rule 60(b)(6) authorizes courts to grant relief from final judgments for "any other reason that justifies relief" beyond those enumerated elsewhere in the rule. Fed. R. Civ. P. 60(b)(6). That provision exists because "it would be impossible to specify all of the scenarios in which justice might require vacatur of a judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008). Rule 60(b) balances our respect for finality of judgments with "extraordinary circumstances creating a substantial danger that the underlying judgment was unjust." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997).

The Cross-Claimants sought—and won—damages in the Illinois Actions that covered, as we have set forth above, the same facts and circumstances presented here, including the same agreements. Moreover, the District Court noted that the Cross-Claimants sought to use *res judicata* offensively against Ross, but argued against Ross's attempt to use it defensively. The District Court could thus conclude that the award of damages in the Illinois Actions and the imperative to apply *res judicata* equally to all parties constituted extraordinary circumstances warranting Rule 60(b)(6) relief.[5] The

---

of connected transactions, out of which the action arose.'" *Gregory v. Chehi*, 843 F.2d 111, 117 (3d Cir. 1988) (quoting Restatement (Second) of Judgments sec. 24(1)).

[5] The Cross-Claimants argue that at least ZCrackerbox should be allowed to obtain damages, and suggest that "the District Court did not determine that Zcrackerbox was in 'privity' with MC and/or Balshe LLC in the Illinois Action." Appellees'/Cross-

District Court's decision to decline to find damages followed directly from the grant of Rule 60(b)(6) relief and from its determination that *res judicata* principles controlled. We therefore hold that the District Court did not abuse its discretion in granting relief under Rule 60(b)(6) and denying an award of damages to Cross-Claimants.

## IV

For the foregoing reasons, we affirm the orders of the District Court.

---

Appellants' Br. at 38 n.7. As the investment vehicle for Braverman and Kaskey, however, that argument is unavailing. *See E.E.O.C.*, 921 F.2d at 493.

Similarly unavailing is Cross-Claimants' argument that the Rule 60(b)(6) motion was untimely. Ross, a pro se litigant, filed it within three months after the case came out of civil suspense. We have previously held such a timeline to be "close enough . . . to be deemed reasonable" for the purposes of Rule 60(b)(6). *Cox*, 757 F.3d at 115-16.