

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# Wishnefsky v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-4065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Wishnefsky v. Carroll" (2002). *2002 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 99-4065

_____

BRUCE L. WISHNEFSKY,
                    Appellant

v.

JOHN J. CARROLL;
JAMES J. RILEY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 99-cv-01494)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
on August 2, 2002

Before:  ROTH, RENDELL, and AMBRO, Circuit Judges

(Filed: August 13, 2002)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Bruce L. Wishnefsky appeals a 12(b)(6) dismissal of his RICO claim against attorneys John J. Carroll and James J. Riley.  The District Court granted the dismissal because it determined Wishnefsky suffered no RICO injury and, alternatively, he failed to state a claim upon which relief can be granted.  We will affirm the District Court's dismissal.

Wishnefsky, who is not an attorney, alleges that he entered into an agreement with Riley, a practicing attorney now with the law firm of Riley & Fanelli, whereby Riley agreed to pay Wishnefsky a percentage of the legal fees generated by the clients Wishnefsky referred to him.  The alleged agreement began in the 1980s and continued through part of the 1990s with Riley paying twenty-five, and later thirty-three and a third, percent of all legal fees generated by clients whom Wishnefsky had referred.  Such an agreement would be in violation of Pennsylvania Rule of Professional Conduct 5.4(a).

Beginning in February of 1992 Riley allegedly began misrepresenting the true amount of fees owed to Wishnefsky under their arrangement.  In 1994, Wishnefsky referred the case of Jacob Hanyon to Riley under the promise of payment pursuant to their understanding.  Wishnefsky avers that Riley never intended to pay.  Wishnefsky alleges a civil RICO violation based on Riley & Fanelli's fraudulent misrepresentations of the amount of fees owed to him, and claims injury "in his property" based on Riley's fraudulent inducement to refer the Hanyon case to him.

The District Court exercised jurisdiction over this case pursuant to 28 U.S.C. 1331 as a civil RICO claim involves a federal question arising under 18 U.S.C. 1961 et seq.  We have jurisdiction to review the District Court's dismissal pursuant to 28 U.S.C. 1291.  In reviewing a 12(b)(6) dismissal we exercise plenary review.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

The claim was properly dismissed because Wishnefsky could not prove all of the elements of a civil RICO claim.  Addressing only one aspect, there was no injury under civil RICO.  To establish a civil RICO claim, there must be an injury to one's business or property.  18 U.S.C.  1964(c).  Wishnefsky's claim is not based on injury, but on the fact that Riley failed to pay money owed to him.  We note that Wishnefsky couches his claim in terms of there having been misrepresentations made to him, but the fact that there was an understanding appears to be beyond dispute.  "Where, as here, the only property to which a plaintiff alleges injury is an expectation interest that would not have existed but for the alleged RICO violation, it would defy logic to conclude that the requisite causation exists."  Heinold v. Perlstein, 651 F.Supp. 1410, 1412 (E.D. Pa. 1987).  Further, it is against the Pennsylvania Rules of Professional Conduct for an attorney to pay a non-attorney a referral fee.  Therefore, Wishnefsky's property interest   if indeed he had any in the money is illusory.

Accordingly, we will AFFIRM the District Court's order.

_____

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

Marjorie O. Rendell
Circuit Judge