J-S26031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FANELLI, EVANS AND PATEL, P.C. | : | No. 335 MDA 2021 |

Appeal from the Order Entered January 29, 2021
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-628-2018

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED:  DECEMBER 7, 2021**

Bruce L. Wishnefsky ("Wishnefsky") appeals, *pro se*, from the Order sustaining Preliminary Objections to Wishnefsky's Fourth Amended Complaint, filed by Fanelli, Evans and Patel, P.C. ("the Law Firm"), and dismissing Wishnefsky's Fourth Amended Complaint with prejudice.  We affirm.

The parties have extensively litigated the fee dispute underlying the instant appeal.  In its most recent iteration, Wishnefsky's Fourth Amended Complaint averred the following.  In 1993, the Law Firm agreed to pay Wishnefsky a forwarding fee for referring cases to the Law Firm.  Fourth Amended Complaint, 1/4/21, at ¶ 2.  Under this arrangement, the Law Firm would pay Wishnefsky one-third of the compensation that the Law Firm ultimately received from the forwarded cases.  ***Id.***

In January 1994, Wishnefsky borrowed $3,000.00 from the Law Firm, which "would be subtracted from any forwarding fees due Wishnefsky from [the Law Firm]." *Id.* at ¶ 13. However, Wishnefsky averred that, after the Law Firm had accrued significant fees in matters forwarded by Wishnefsky, the Law Firm refused to tender payment. *Id.* at ¶ 30. At that time, the Law Firm advised Wishnefsky that "payment of the forwarding fee might be improper." *Id.*

Subsequently, Wishnefsky threatened to forward a potential new case to another law firm. *Id.* at ¶ 31. The Law Firm proposed that if Wishnefsky became an employee of the Law Firm, he could recover his forwarding fees. *Id.* at ¶ 37. The Law Firm agreed to pay Wishnefsky a salary for six months, based upon an annual salary of $70,000. *Id.* at ¶ 38. "At the end of that period[, Wishnefsky's] services would be terminated[,] and he would receive a $25,000.00 severance payment from [the Law Firm]. As part of this compensation plan[, Wishnefsky] was to waive any claim he had to forwarding fees." *Id.* In accordance with this plan, Wishnefsky was placed on the Law Firm's payroll in March 1996. *Id.* at ¶ 39. In April 1996, however, the Law Firm reverted to its earlier arrangement with Wishnefsky. *Id.* at ¶ 8.

In August 1998, the Law Firm received a fee of $150,000.00 as a result of a matter that had been forwarded by Wishnefsky. *Id.* at ¶ 58. However, the Law Firm did not pay Wishnefsky this or other forwarding fees. *Id.* at ¶ 59. Since that time, Wishnefsky has filed multiple, unsuccessful legal

actions to recover his forwarding fees. **See** Trial Court Opinion, 1/29/21, at 6-8 (summarizing the prior, unsuccessful actions filed by Wishnefsky).

In the present action, Wishnefsky filed a *pro se* Complaint in the nature of a bill in equity, alleging claims for unjust enrichment and restitution. Ultimately, Wishnefsky filed his Fourth Amended Complaint on January 4, 2021, while the Law Firm's Preliminary Objections to the Third Amended Complaint were pending before the trial court. On January 8, 2021, the Law Firm filed Preliminary Objections in the nature of demurrers to Wishnefsky's Fourth Amended Complaint, based on, *inter alia*, *res judicata* and the statute of limitations. In an Opinion and Order filed on January 29, 2021, the trial court sustained the Law Firm's Preliminary Objections and dismissed Wishnefsky's Fourth Amended Complaint with prejudice.[1] Trial Court Order, 1/29/21. On February 5, 2021, after the trial court had dismissed Wishnefsky's Fourth Amended Complaint with prejudice, Wishnefsky filed Preliminary Objections to the Law Firm's Preliminary Objections to the Fourth Amended Complaint.

Wishnefsky subsequently filed a timely *pro se* Notice of Appeal of the trial court's January 29, 2021, Order, followed by a court-ordered Pa.R.A.P.

---

[1] The trial court dismissed the Law Firm's Preliminary Objections to the Third Amended Complaint as moot.

1925(b) Concise Statement of matters complained of on appeal.[2]  On March

1, 2021, the trial court dismissed Wishnefsky's February 5, 2021, Preliminary

Objections as moot, as the trial court already had entered its final Order in

the matter.  *See* Trial Court Order, 3/1/21.

Wishnefsky presents the following claims for our review:

I.      Whether the trial court erred when it denied [Wishnefsky] due process[,] when it ruled on [the Law Firm's] Preliminary Objections before it ruled on [Wishnefsky's] Preliminary Objections to Preliminary Objections[?]

II.     Whether the trial court erred when it held that [Wishnefsky] had a full and fair opportunity to litigate his claims, when it did not identify any facts that support this conclusion[?]

III.    Whether the trial court erred when it did not give any consideration to the fact that [Wishnefsky] had alleged in his Complaint that in the case of *SCF Consulting LLC v. Barrack*, *Rodos v. Bacine*, 175 A.3d 273 ([Pa.] 2017) [("*SCF Consulting*"),] the [Pennsylvania] Supreme Court rejected *Wishnefsky v. Riley & Fanelli, P.C.*, 799 A.2d 827 (Pa. Super. 2002)[?]

IV.     Whether the trial court erred when it held that the instant matter appears to be a breach of contract claim, not an unjust enrichment claim[?]

---

[2] Our review of the record discloses that Wishnefsky's was in prison at the time he filed his Notice of Appeal.  Wishnefsky's Notice of Appeal is date stamped March 10, 2021.  Wishnefsky appended to his docketing statement a cash slip from prison authorities dated February 23, 2021.  The Certificate of Service attached to Wishnefsky's Notice of Appeal bears the same date. Because Wishnefsky is *pro se* and incarcerated, we conclude that he is entitled to the benefit of the "prisoner mailbox rule."  *See* Pa.R.A.P. 121(f) (providing that filings by such litigants are "deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing, as documented by properly executed prisoner cash slip or other reasonably verifiable evidence.").

Brief for Appellant at 2 (some capitalization changed).

The applicable standard of review is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Weiley v. Albert Einstein Med. Center*, 51 A.3d 202, 208 (Pa. Super. 2012) (citation omitted).

Wishnefsky first claims that the trial court improperly ruled on the Law Firm's Preliminary Objections to the Fourth Amended Complaint, without considering his own Preliminary Objections to the Law Firm's Preliminary Objections. Brief for Appellant at 4. Wishnefsky points out that "[p]rocedural due process requires notice and the opportunity to be heard." *Id.* (citation omitted). Wishnefsky asserts that he did not receive the Law Firm's Preliminary Objections until January 13, 2021, and "as a result, the [trial] court issued it[]s January 29, 2021, Opinion and [O]rder before [he] was able to respond." *Id.* at 4-5.

As this Court has explained,

> [a] preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the

- 5 -

court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

….

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

**Weiley**, 51 A.3d at 208-09 (citations and internal quotation marks omitted).

Our review of the record discloses that Wishnefsky's Preliminary Objections to the Law Firm's Preliminary Objections to the Fourth Amended Complaint averred two bases for relief: (a) the Law Firm's assertions that the affirmative defenses of *res judicata* and the statute of limitations should have been pled in new matter; and (b) the Law Firm's demurrers are supported by multiple exhibits and, therefore constitute impermissible "speaking demurrers." Plaintiff's Preliminary Objections to Defendant's Preliminary Objections, 2/5/21, at 1.

Our review of the record further discloses that the trial court dismissed Wishnefsky's Fourth Amended Complaint as barred by the doctrine of *res judicata*. Trial Court Order, 1/29/21, at 1. Thus, the trial court did not consider the issue regarding the statute of limitations in its ruling. As such, Wishnefsky's challenge, based upon the trial court's ruling on the statute of limitations Preliminary Objection, is unsupported by the record.

Regarding Wishnefsky's Preliminary Objection to the Law Firm's *res judicata* Preliminary Objection, we observe the following. "In ruling on a demurrer, the [trial] court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint." **Hall v. Goodman Co.**, 456 A.2d 1029, 1034-35 (Pa. Super. 1983) (citation omitted).

In his Fourth Amended Complaint, Wishnefsky included a section entitled "IMPEDIMENTS TO AN EARLIER PROSECUTION OF THIS CLAIM." Fourth Amended Complaint, 1/4/21, at 10. In this section, Wishnefsky described his prior, unsuccessful causes of action for the same fees:

> 60. [Wishnefsky] filed suit in [the trial c]ourt against [the Law Firm] alleging breach of contract in January of 1999, S-21-1999[.] [Wishnefsky's Fourth] [A]mended [C]omplaint added counts for fraud and breach of an employment agreement. [The Law Firm] raised the defense of the contract being illegal[,] and the Honorable Cyrus Palmer Dolbin [("Judge Dolbin")] overruled this [P]reliminary [O]bjection. On a [M]otion for summary judgment raising the defense of *in pari delicto*, Judge Dolbin granted [the Law Firm's M]otion for summary judgment. On May 15, 2012, the Superior Court affirmed in a precedential [O]pinion, [**see Wishnefsky**] 799 A.2d at 827, and [Wishnefsky's P]etition for allowance of appeal was denied on November 13, 2002, [**see**] 813 A.2d 844 [(Pa. 2002),] by the Supreme Court of Pennsylvania.
>
> ....
>
> 64. During August of 1999, [Wishnefsky] filed suit against [the Law Firm] in the U.S. District Court for the Middle District of Pennsylvania, No. 4:99-CV-1494, alleging Civil R[ICO] claims. The District Court dismissed the case on initial screening, relying primarily on R.P.C. [*sic*] 5.4. The Third Circuit affirmed, for similar reasons[,] on August 13, 2002, [**see Wishnefsky v. Carroll**, 44 Fed Appx. 581 (3d Cir. 2002),] although [the federal judge,] who wrote the opinion for the panel, said "the fact that there was an understanding appears to be beyond dispute." **Id.** at 582.

65. On May 25, 2001, [Wishnefsky] filed a [C]omplaint with a Civil R[acketeering] claim … [and] for breach of a contract against [the Law Firm] in [the trial court], No. S-1081-2001. [The Law Firm] argued *in pari delicto* as a defense.

….

67(A). On October 20, 2014, the Honorable Jacquelin Russell granted summary judgment to [the Law Firm] in the S-1081-2001[] case.

67(B). [Wishnefsky] filed a [N]otice of [A]ppeal ….

….

68. The Superior Court affirmed this decision in an unreported memorandum[, **Wishnefsky v. Evans**, 125 A.3d 446 (Pa. Super. 2015) (unpublished memorandum),] on July 10, 2015, and the Supreme Court of Pennsylvania denied [Wishnefsky's P]etition for allowance of appeal on December 7, 2015, [**see id.**, **appeal denied**,] 128 A.3d 221 [(Pa. 2015)].

Fourth Amended Complaint, 1/4/21, at 10-11. These prior actions formed the basis of the Law Firm's *res judicata* Preliminary Objection to the Fourth Amended Complaint. Preliminary Objections to Fourth Amended Complaint, 1/8/21, ¶¶ 1-16.

In its January 29, 2021, Opinion, the trial court addressed whether the Law Firm's Preliminary Objection constituted a "speaking demurrer," the same claim raised in Wishnefsky's Preliminary Objections to the Law Firm's Preliminary Objections. The trial court stated, "because [Wishnefsky] thoroughly documented his prior lawsuits in the Fourth Amended Complaint, [the Law Firm] has properly raised the defense of *res judicata* in its Preliminary Objections." Trial Court Opinion, 1/29/21, at 11.

Our review discloses that the trial court considered only the averments in Wishnefsky's Fourth Amended Complaint, when it analyzed and sustained the Law Firm's *res judicata* Preliminary Objection.  **See** Trial Court Opinion, 1/29/21, at 5-6.  As such, we discern no due process violation requiring relief, where the trial court fully had considered and resolved the objection raised by Wishnefsky in his own Preliminary Objections.  Consequently, Wishnefsky is not entitled to relief on his first claim.  **See id.**

In his second claim, Wishnefsky argues that the trial court erred when it concluded that, in the prior causes of action, Wishnefsky had a full and fair opportunity to litigate his claim.  Brief for Appellant at 5.  Wishnefsky asserts that the trial court improperly failed to identify any facts that support its conclusion.  **Id.**  According to Wishnefsky,

> while the trial court and appeals court proceedings in **Wishnefsky v. Riley & Fanelli, P.C.**, 799 A.2d 827 (Pa. Super. 2002), were full and fair, the appeal in **Wishnefsky v. Evans** … was not, since the Memorandum Opinion was written by a biased judge, [The Honorable Victor P.] Stabile, who put great emphasis [on Wishnefsky's] irrelevant criminal case in his Memorandum Opinion.

Brief for Appellant at 6.  Wishnefsky also appears to claim that the death of James J. Riley, Esquire ("Attorney Riley"),[3] whom Wishnefsky had sued in

---

[3] Attorney Riley was a partner at the Law Firm, and a person with whom Wishnefsky had negotiated his forwarding fee.  Attorney Riley died while the appeal was pending in **Wishnefsky v. Evans**.

*Wishnefsky v. Evans*, had "deprived the court of jurisdiction." Brief for Appellant at 6.

Our review of the record discloses that Wishnefsky's allegations of bias by Judge Stabile are not supported by any evidence in the record. An appellate court may consider only those facts which have been duly certified in the record on appeal. *Ruspi v. Glatz*, 69 A.3d 680, 691 (Pa. Super. 2013) (citation omitted). Those items that do not appear of record do not exist for appellate purposes. *Stumpf v. Nye*, 950 A.2d 1032, 1041 (Pa. Super. 2008). Consequently, we cannot grant Wishnefsky relief on this claim. *See id.*

Moreover, in its Opinion, the trial court addressed Wishnefsky's claim and concluded that it lacks merit. *See* Trial Court Opinion, 1/29/21, at 9-11 (summarizing the prior causes of action, and setting forth the law regarding *res judicata*), 11-16 (applying the law regarding *res judicata* and concluding that the doctrine applies to bar Wishnefsky's present cause of action). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis regarding Wishnefsky's second claim. *See id.*

In his third claim, Wishnefsky argues that the trial court erred in not considering the fact that the Supreme Court has since rejected its holding in *Wishnefsky v. Riley & Fanelli, P.C.*, when it decided *SCF Consulting*. Brief for Appellant at 6. Wishnefsky asserts that in *SCF Consulting*, a majority of the justices concluded that fee-sharing agreements between a lawyer and a non-lawyer are not *per se* unenforceable. *Id.* at 7. Wishnefsky argues that,

because the Supreme Court changed the law, the Superior Court's prior holding in **Wishnefsky v. Riley & Fanelli, P.C.**, no longer precludes litigation on this issue. **Id.**

In its Opinion filed on May 3, 2021, the trial court addressed and rejected this claim:

> [W]e find [Wishnefsky's] argument to be without merit because (1) we dismissed the instant cause of action on the basis of *res judicata*, and further explained that his unjust enrichment claim is also barred because [Wishnefsky] failed to alternatively plead this claim in his previous breach of contract litigation against [the Law Firm] to recover the [] referral fees; and (2) the Pennsylvania Supreme Court did not reject **Wishnefsky v. Riley and Fanelli, P.C.**, … in **SCF Consulting** …; instead[,] the Pennsylvania Supreme Court held that fee-splitting agreements between non-attorneys, entered in violation of the Rules of Professional Conduct, are not *per se* unenforceable. Our Supreme Court further explained that the determination of whether such fee-splitting agreements are unenforceable may turn on factual findings concerning the non-law-firm party's "culpability, or the degree thereof, relative to the alleged ethical violation." **SCF Consulting, LLC**, … 175 A.3d at 277.

Trial Court Opinion, 5/3/21, at 4-5. Thus, the trial court found no merit to Wishnefsky's claim. **See id.** We agree with the sound reasoning of the trial court, as set forth above, and affirm on this basis as to Wishnefsky's third claim. **See id.**

In is fourth claim, Wishnefsky challenges the trial court's determination that Wishnefsky's present claim is a breach of contract claim. Brief for Appellant at 7. In support, Wishnefsky argues that, since he is asking for an accounting and restitution, "remedies that are not available in a breach of contract claim, the claim cannot be a breach of contract claim." **Id.**

Wishnefsky again cites **SCF Consulting** as permitting an equity claim of unjust enrichment, where a contract is unenforceable as against public policy. **Id.**

In its Opinion, the trial court addressed the applicability of the doctrine of *res judicata* and, in particular, the "identity of the cause of action." **See** Trial Court Opinion, 1/29/21, at 13-15. Although the trial court stated that "the instant action appears to be a breach of contract claim, not an unjust enrichment claim[,]" **see id.** at 14, the trial court further stated the following:

> [It] is noted that, [Wishnefsky's] unjust enrichment[FN] claim is also barred because the Pennsylvania Superior Court has held that breach of contract claims and unjust enrichment claims must be pled alternatively. [Wishnefsky's] unjust enrichment claim[s] and breach of contract claims are alternate theories of recovering, meaning they are different means to recover the same damages or relief for a single harm arising from the same facts and circumstances; therefore, [Wishnefsky] had an obligation to raise these claims at the same time. Additionally, the doctrine of *res judicata* will bar a party from raising issues in subsequent litigation that could have been litigated in the first suit, but were not.

> ---

> [FN] The Pennsylvania Superior Court has held that "theories of breach of contract and unjust enrichment **must** be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven…." **Lugo v. Farmers Pride, Inc.**, … 967 A.2d 963, 970 ([Pa. Super.] 2009) [(emphasis in original)]. … "If a plaintiff fails to prove a cause of action on an express contract, he may not then attempt to prove his case in quasi-contract, unless his complaint originally, or as amended[,] sets forth a cause of action in quasi-contract." **Birchwood Lakes Community Ass'n, Inc. v. Comis**, … 442 A.2d 304, 308 ([Pa. Super.] 1982).

*Id.* at 14-15 (one citation omitted, footnote and emphasis in original). When read in context, the statement challenged by Wishnefsky affords him no relief, for the reasons stated in the trial court's Opinion.[4] ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2021

_____

[4] We further observe that "*res judicata* will bar subsequent claims that could have been litigated in the prior action, but which actually were not...." ***Chada v. Chada***, 756 A.2d 39, 43 (Pa. Super. 2000) (citation omitted). Consequently, a party "cannot sit out one cause of action and then force the opposing party into another action over an issue that both could and should have been raised in the first place." ***Stuart v. Decision One Mortgage Co., LLC***, 975 A.2d 1151, 1154 (Pa. Super. 2009) (citation omitted).

**IN THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY, PA**
**CIVIL ACTION LAW**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY, | : | NO. S-628-2018 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FANELLI, EVANS & PATEL, P.C. | : | |
| f/k/a RILEY & FANELLI, P.C., | : | |
| Defendant | : | |

**OPINION OF COURT**

GOODMAN, J.

## I. BACKGROUND

### A. Procedural History

On or about April 9, 2018, Plaintiff initiated this action by filing a complaint in the nature of a bill in equity against Defendant, in which Plaintiff's sole claim was unjust enrichment and restitution. The Defendant Fanelli, Evans & Patel, P.C. f/k/a Riley & Fanelli, P.C. (the "Law Firm") filed preliminary objections to the complaint, on or about May 23, 2018, raising the issues of improper service and res judicata. On or about June 4, 2018, Plaintiff filed an Amended Complaint in which he set forth the same factual allegations and legal claims as he had in his original complaint. Defendant filed preliminary objections to the Amended Complaint, on or about June 12, 2018, again asserting improper service and res judicata.

On or about July 5, 2018, Plaintiff filed his Second Amended Complaint in the Nature of a Bill in Equity ("Second Amended Complaint"). The Law Firm filed Preliminary Objections to Plaintiff's Second Amended Complaint on or about July 18, 2018. On or about August 9, 2018, the Plaintiff filed preliminary objections to the Defendant's preliminary objections. Defendant filed an Answer to the Plaintiff's preliminary objections on or about August 21, 2018. This Court issued an Order, or about October 10, 2018, granting Defendant's preliminary objection as



to improper service and struck service. Additionally, in the October 10, 2018 Order, this Court dismissed all other preliminary objections by Plaintiff and Defendant. The October 10, 2018 Order also afforded Plaintiff the opportunity to reinstate and serve the Second Amended Complaint upon Defendant.

On or about October 21, 2020, Plaintiff filed a Praecipe to Reinstate Second Amended Complaint. On or about October 28, 2020, an Affidavit of Return was filed indicating that service of the Second Amended Complaint was made by the Sheriff's Department of Schuylkill County upon Defendant on October 26, 2020. The Defendant filed Preliminary Objections to Plaintiff's Second Amended Complaint on or about November 10, 2020.

On or about December 3, 2020, Plaintiff filed his Third Amended Complaint in the Nature of a Bill in Equity ("Third Amended Complaint"), as well as, a Praecipe to change his mailing address. On or about December 07, 2020, this Court issued an Order dismissing Defendant's Preliminary Objections to Plaintiff's Second Amended Complaint as moot.

On or about December 08, 2020, Defendant filed Preliminary Objections to Plaintiff's Third Amended Complaint. On or about December 11, 2020, Defendant filed its Praecipe to Attach a Notice to Plead to Defendant's Preliminary Objections to Plaintiff's Third Amended Complaint. On or about January 4, 2021, Plaintiff filed his Fourth Amended Complaint in the Nature of a Bill in Equity ("Fourth Amended Complaint"). Defendant filed Preliminary Objections to Plaintiff's Fourth Amended Complaint on or about January 08, 2021.

Before this Court are Defendant's Preliminary Objections to the Third Amended Complaint and Defendant's Preliminary Objections to the Fourth Amended Complaint. This Court has determined that because of the filing of Plaintiff's Fourth Amended Complaint, Defendant's Preliminary Objections to the Third Amended Complaint are dismissed as moot. As

2

such, this Court will address Plaintiff's Fourth Amended Complaint and Defendant's Preliminary Objections to said amended complaint.

Defendant argues Plaintiff's Fourth Amended Complaint should be denied and dismissed with prejudice because (1) his claims are barred by Res Judicata; (2) Plaintiff's failure to raise the claim of unjust enrichment in his previous actions constitutes a waiver of that claim; (3) the doctrine of unjust enrichment is inapplicable in this matter because Plaintiff has alleged that an express oral contract existed between the parties; and (4) the statute of limitations for the claim of unjust enrichment has expired long ago. Defendant also argues that Paragraphs 3-5, 8-12, 14-15, 22, 27, 29-30, 32-37, 41-49, 52-58 and 63 of the Fourth Amended Complaint should be stricken for the inclusion of scandalous and impertinent matters.

## B. Plaintiff's Factual Allegations in the Fourth Amended Complaint

On or about December 03, 2020, Plaintiff filed the Third Amended Complaint, which was essentially his Second Amended Complaint recited verbatim except for the inclusion of Paragraph 71.1 where Plaintiff indicates that in 2018, he filed a petition to open-judgment in a prior litigation, at No. S-1081-2001, which was denied. According to Plaintiff, he appealed this order to the Superior Court, which affirmed on May 24, 2019. Plaintiff's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on March 11, 2020.

In his Fourth Amended Complaint, Plaintiff attempts to address some of the deficiencies in the Third Amended Complaint that were raised by Defendant in its preliminary objections. However, Plaintiff's Fourth Amended Complaint essentially recites the Third Amended Complaint verbatim.[1]

---

[1] The changes that Plaintiff made in the Fourth Amended Complaint are summarized as follows:
  (1) Plaintiff struck Paragraphs 17 through 21 from his complaint, which included allegations regarding the John Hancock Mutual Life Insurance Company settlement. These paragraphs, however, were not relevant to the matter at hand;

3

In the Fourth Amended Complaint, the Plaintiff sets forth a lengthy factual and procedural history, which is summarized as follows. In 1993, the Plaintiff began performing work for Riley and Fanelli, P.C. ("Riley and Fanelli")[2] through his company Pine Hill Advisory Corp. Attorney Riley informed Plaintiff that he would receive a referral fee, which equated to 33 1/3% of the legal fees Riley and Fanelli received, for any cases that Plaintiff referred to them. Plaintiff alleges that he referred a bankruptcy matter to Riley and Fanelli in March 1993, and that he received payment of the agreed upon referral fee. Plaintiff alleges that he continued to refer cases to Riley and Fanelli.

Additionally, Plaintiff alleges that during August 1995, he learned about a matter in which Jacob Hanyon suffered severe burn injuries when a lighter, manufactured by Zippo Manufacturing, Co. ("Zippo"), ignited his Walt Disney Co. ("Disney") licensed underwear top that was not fire resistant, hereinafter referred to as the "Hanyon Referral". The Plaintiff alleges that he referred the matter to Riley and Fanelli, and was informed that he would receive his agreed upon referral fee. According to Plaintiff, during January 1996, Riley and Fanelli settled another matter, which Plaintiff refers to as the O'Neil Referral. Plaintiff avers that he referred the O'Neil Referral to the law firm, and that, for the first time, Attorney Riley informed Plaintiff the referral fee was improper. Additionally, Plaintiff alleges that the law firm indicated it would not pay him the referral fee. Plaintiff further alleges that he threatened to transfer his referrals to

(2) Plaintiff struck Paragraph 40 of his complaint, which contained allegations regarding arguments between Attorney Fanelli and Attorney Riley that were not relevant to the instant matter;

(3) Plaintiff amended Paragraph 41 of his complaint so that it only included an averment that he was arrested on April 9, 1996 for various charges in Carbon County;

(4) Plaintiff struck Paragraphs 55-57 from his complaint, and amended them to include new allegations regarding litigation initiated by Richard Lubart, Esq., an attorney from Massachusetts, against Riley and Fanelli; and

(5) Plaintiff renumbered Paragraph 71.1 of his complaint as 71.2. Additionally, he included a new quote from the dissenting opinion in *SCF Consulting, LLC v. Barrack, Rodos & Bacine*, 644 Pa. 273, 175 A.3d 273 (2017).

[2] In his Fourth Amended Complaint, Plaintiff asserts that in 2005, Riley and Fanelli, P.C., changed its name to Fanelli, Evans and Patel, P.C.

4

another firm, and as a result, Riley and Fanelli ultimately paid the O'Neil Referral fee to another attorney, who then paid Plaintiff.

In his Fourth Amended Complaint, Plaintiff alleges that he sought to have the Hanyon Referral transferred to another law firm. Plaintiff avers that he subsequently worked out an arrangement with Riley and Fanelli, to work around the prohibition of the referral fee, where he would become an employee of the law firm at a pay rate of $70,000.00 per year for a six month time period, and would then receive severance pay, in the amount of $25,000.00. Plaintiff further alleges that, as a part of the compensation plan, he agreed to waive any claim he had regarding the referral fees.

Plaintiff asserts that he was placed on Riley and Fanelli's payroll in March of 1996. According to Plaintiff, he was later arrested on April 6, 1996. Plaintiff further alleges that Attorney Riley paid Plaintiff's $20,000.00 bail, but subsequently fired him. Plaintiff avers that he requested that the cost of his bail be subtracted from the severance payment that was owed to him by Riley and Fanelli. However, Plaintiff alleges that Attorney Riley refused his request, and instead, Attorney Riley demanded that the $20,000.00 be paid back to him. According to Plaintiff, he again attempted to have the Hanyon Referral transferred to another law firm, but was unsuccessful.

Additionally, Plaintiff alleges that he learned that the Hanyon claim against Zippo was settled on July 2, 1997, for $600,000.00, and that Riley and Fanelli had received a fee of $150,000.00. According to Plaintiff, he wrote Attorney Riley on August 20, 1998, and September 17, 1998, demanding payment of the $50,000.00 forwarding fee due to him, which Plaintiff never received. According to the Plaintiff, he also learned that Union Underwear Co., Allison Manufacturing, and Jamesway Corp. had been added as defendants to Hanyon's action against Zippo. According to Plaintiff, Hanyon's claims against Union Underwear Co. and

5

Jamesway Corp. were settled in February and March of 1999, but Plaintiff did not know the amount of the settlements. Plaintiff further asserts that Hanyon's claim against Allison Manufacturing was settled for $300,000.00 in May 1999.

Plaintiff argues that Defendant was unjustly enriched because of the following: (1) Plaintiff conferred a benefit upon Defendant when he referred the Hanyon Referral to Riley and Fanelli; (2) Defendant was fully aware of the conferred benefit, which is evidenced by Defendant filing suit on Hanyon's behalf in the U.S. District Court for the District of New Jersey against Zippo Manufacturing, Walt Disney Co, Union Underwear, Allison Manufacturing, and Jamesway Corp; (3) Defendant received substantial legal fees related to its representation of Hanyon in the above referenced litigation, but Defendant invoked the doctrine of in pari delecto and refused to pay Plaintiff the agreed upon referral fees; and (4) Defendant's refusal to pay Plaintiff is unjust because Riley and Fanelli received a substantial benefit without compensating Plaintiff for said benefit, therefore, Defendant has been unjustly enriched. Plaintiff requests that this Court order Defendant to pay Plaintiff restitution in an amount that is equal to 33 1/3% of the legal fees Defendant received from the Hanyon and Klemka[3] referrals.

### C. Prior Litigation

In his Fourth Amended Complaint, Plaintiff includes a section entitled **"IMPEDIMENTS TO AN EARLIER PROSECUTION OF THIS CLAIM"**, in which he describes, in detail, the previous lawsuits that he initiated against Defendant in an attempt to recover the Hanyon Referral fees that are at issue before this Court today. Plaintiff asserts the following, verbatim, in his complaint:

---

[3] Although Plaintiff demands restitution related to the Klemka Referral, he has failed to raise a cause of action or provide facts in his Fourth Amended Complaint that would demonstrate an unjust enrichment claim related to the Klemka Referral. Count I of Plaintiff's Fourth Amended Complaint raises an unjust enrichment claim with regard to an alleged conferred benefit upon Defendant when Plaintiff referred the Hanyon Referral to the law firm, however, it does not state a claim related to the Klemka Referral.

6

60. Plaintiff filed suit in this Court against Riley and Fanelli alleging breach of contract in January of 1999, S-21-1999, Plaintiff's 4th amended complaint added counts for fraud and breach of an employment agreement. Riley and Fanelli raised the defense of the contract being illegal and the Honorable Cyrus Palmer Dolbin overruled this preliminary objection. On a motion for summary judgment raising the defense of in pari delicto, Judge Dolbin granted Defendant's motion for summary judgment. On May 16, 2012, the Superior Court affirmed in a precedential opinion 799 A.2d 827 and Plaintiff's petition for allowance of appeal was denied on November 13, 2002, 813 A.2d 844 in the Supreme Court of Pennsylvania.[4]

. . . .

64. During August of 1999, Plaintiff filed suit against Riley and Carroll in the U.S. District Court for the Middle District of Pennsylvania, No. 4:99-CV-1494, alleging Civil Rico claims. The District Court dismissed the case on initial screening, relying primarily on [Rule of Professional Conduct] 5.4. The Third Circuit affirmed, for similar reasons on August 13, 2002, 44 Fed. Appx. 581,[5] although Judge Rendell, who wrote the opinion for the panel, said "the fact that there was an understanding appears to be beyond dispute." Id. at 582.

65. On May 25, 2001, Plaintiff filed a complaint with a Civil Rico claim against, inter alia, Evans and Riley for breach of a contract against Riley and Fanelli in this Court, No. S-1081-2001. Defendants argued in pari delicto as a defense.

67(A). On October 20, 2014, the Honorable Jacquelin[e] Russell granted summary judgment to Defendants in the S-1081-2001, case of Plaintiff v. Evans, Riley, and Riley and Fanelli, P.C.

67(B). Plaintiff filed a notice of appeal and also filed a concise statement of errors on appeal on December 4, 2014.

67(C). Riley passed away on December 7, 2014. Since no notice of death was filed and no personal representative entered an appearance, the Court lost subject matter jurisdiction at that time.

67(D). The certified record was forwarded to Superior Court on or about January 8, 2015.

68. The Superior Court affirmed this decision in an unreported memorandum No. 155 MDA 2015, on July 10, 2015,[6] and the Supreme Court of Pennsylvania

---

[4] The citation is *Wishnefsky v. Riley & Fanelli*, P.C., 2002 PA Super 153, ¶ 2, 799 A.2d 827, 828 (Pa. Super. Ct. 2002), appeal denied Wishnefsky v. Riley & Fanelli, P.C., 572 Pa. 709, 813 A.2d 844 (2002).
[5] *Wishnefsky v. Carroll*, 44 F. App'x 581 (3d Cir.2002).
[6] *Wishnefsky v. Evans*, 155 MDA 2015, 2015 WL 6941510, at *3 (Pa. Super. Ct. July 10, 2015).

7

denied Plaintiff's petition for allowance of appeal on December 7, 2015, 128 A.3d 221.[7]

## II.    DISCUSSION

In Defendant's Preliminary Objections to the Fourth Amended Complaint, the Law Firm raises five preliminary objections.  In its first preliminary objection, Defendant asserts that Plaintiff's action is legally insufficient because it is barred by the doctrine of res judicata, and Defendant requests that the Fourth Amended Complaint be denied and dismissed with prejudice. The second preliminary objection asserts that Plaintiff's claim is legally insufficient, and that it also fails to conform to law or rule of court, because Plaintiff failed to join the instant unjust enrichment claim as a cause of action in his previous litigation against Defendant.  Defendant requests that the Fourth Amended Complaint be denied and dismissed with prejudice.  In its third preliminary objection, Defendant asserts that Plaintiff's claim for unjust enrichment is legally insufficient because Plaintiff has alleged that there was an express oral contract between the parties, therefore, the doctrine of unjust enrichment is inapplicable.  Defendant again requests that the Fourth Amended Complaint be denied and dismissed with prejudice.  In its fourth preliminary objection, Defendant argues that Plaintiff's unjust enrichment claim is legally insufficient because it is barred by the statute of limitations.  Defendant argues that the Hanyon Referral, and the facts and circumstances giving rise to Plaintiff's alleged claim, occurred between 1995 and 1997, therefore, the claim is barred because the statute of limitations for an unjust enrichment claim is four years.  Defendant's fifth preliminary objection requests that Paragraphs 3-5, 8-12, 14-15, 22, 27, 29-30, 32-37, 41-49, 52-58 and 63 of the Fourth Amended Complaint be stricken for including scandalous and impertinent matters.

---

[7] *Wishnefsky v. Evans*, 633 Pa. 789, 128 A.3d 221 (2015).

8

## A. Plaintiff's Unjust Enrichment Claim is Barred by the Doctrine of Res Judicata

In his Fourth Amended Complaint, Plaintiff raises a claim for unjust enrichment and demands restitution based upon allegations that the Defendant was paid $150,000.00 in relation to the settlement of the Hanyon Referral. Plaintiff further asserts that he demanded $50,000.00 as a referral fee for the Hanyon Referral in 1998. Additionally, he contends that Defendant also received legal fees in the Hanyon Matter for settlement claims between three additional parties; however, Plaintiff did not know the exact amount of the alleged legal fees received by Defendant. According to Plaintiff, Defendant was unjustly enriched because Defendant did not pay Plaintiff the agreed upon referral fee, which equates to 33 1/3% of the legal fees that it received from the Hanyon Referral.

In his Fourth Amended Complaint, Plaintiff also asserts that he has already attempted to collect the Hanyon Referral fees in previous litigations before this Court and the U.S. District Court for the Middle District of Pennsylvania. However, Plaintiff has been unsuccessful. In Defendant's preliminary objections, the Law Firm argues that Plaintiff's unjust enrichment claim is legally insufficient, and is barred by the doctrine of res judicata, because it is essentially a breach of contract claim, not an unjust enrichment claim. Additionally, Plaintiff argues that the unjust enrichment claim would also be barred by the doctrine of res judicata because Plaintiff had an obligation to raise this cause of action in his previous lawsuits against Defendant.

The doctrine of res judicata was judicially created to reflect the courts' refusal to "tolerate a multiplicity of litigation." *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super. 225, 236, 464 A.2d 1313, 1318 (1983). The doctrine "provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded." *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa.Cmwlth. 2002). Additionally, res judicata bars a party from raising

issues in subsequent litigation that could have been litigated in the first suit, but were not. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super at 232, 464 A.2d at 1316, 318.

Res Judicata will bar an action where the party asserting the defense can demonstrate the following four concurrent conditions:

(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786, cert. denied, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965)). The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights. *Hochman v. Mortgage Finance Corp.*, 289 Pa. 260, 137 A. 252 (1927).

*Callery v. Mun. Auth. of Blythe Twp.*, 432 Pa. 307, 311–12, 243 A.2d 385, 387 (1968).

"The doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or *their privies* on the same cause of action." *Stevenson v. Silverman, supra,* 417 Pa. at 190, 208 A.2d at 788 (citations omitted) (emphasis in original).

*Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super at 233, 464 A.2d at 1317.

"[U]nless the circumstances necessary to sustain a plea of res judicata appear on the face of the complaint, the defense must be raised in an answer and not by preliminary objections." *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 310, 243 A.2d 385, 386 (1968). Where the complaint makes reference to the prior action on which the defense of res judicata may rest, the defense may be raised by preliminary objection-but not otherwise. *Callery v. Blythe Township Municipal Authority,* supra.

*Logan v. Patton*, 70 Pa.Cmwlth. 359, 400, 453 A.2d 369, 370 (1982).

This Court finds that, because Plaintiff has thoroughly documented his prior lawsuits in the Fourth Amended Complaint, Defendant has properly raised the defense of res judicata in its preliminary objections. Looking to the state court actions, which are referenced in the complaint as S-21-1999[8] and S-1081-2001[9], Plaintiff recites the same factual allegations in both of those actions, almost verbatim, as he does in the instant complaint. In the Fourth Amended Complaint, Plaintiff asserts that he is suing Defendant because he is owed referral fees from the Hanyon Referral. Likewise, Plaintiff has already brought prior actions before this Court regarding the unpaid Hanyon Referral fees. In the S-21-1999 matter, the Plaintiff raised a breach of contract claim against Riley and Fanelli, P.C. for the law firm's alleged failure to pay him the agreed upon $50,000.00 referral fee once Hanyon settled his claim against Zippo. In the S-1081-2001 matter, the Plaintiff alleged a breach of contract claim for his portion of the unknown legal fees that the Defendant received in settling the Hanyon Referral matter with Union Underwear and Jamesway Corp. Therefore, because Plaintiff thoroughly documented his previous actions against Defendant in the instant complaint, this Court is satisfied that the circumstances necessary to sustain a plea of res judicata appear on the face of Plaintiff's Fourth Amended Complaint.

---

[8] This case was initiated in the Schuylkill County Court of Common Pleas and docketed at *Wishnefsky v. Riley and Fanelli, P.C.*, S-21-1999. The trial court Order dated August 07, 2001, granted the defendant's motion for summary judgment, entered judgment against Wishnefsky and in favor of the defendant, and dismissed Wishnefsky's cross-motion for summary judgment. Wishenfsky appealed the matter to the Pennsylvania Superior Court; however, the trial court's decision was affirmed. See *Wishnefsky v. Riley & Fanelli, P.C.*, 2002 PA Super 153, ¶ 2, 799 A.2d 827, 828 (Pa. Super. Ct. 2002), appeal denied *Wishnefsky v. Riley & Fanelli, P.C.*, 572 Pa. 709, 813 A.2d 844 (2002).

[9] This case was initiated in the Schuylkill County Court of Common Pleas and docketed at *Wishnefsky v. Evans*, S-1081-2001. Wishnefsky filed a complaint alleging breach of contract and civil violations of the RICO Act against defendants. The trial court's October 20, 2014 Order granted summary judgment in favor of defendants, explaining that Wishnefsky was attempting to litigate claims based on the same and/or slightly modified facts that were the subject of prior actions. Wishnefsky appealed to the Pennsylvania Superior Court; however, the trial court's decision was affirmed. See *Wishnefsky v. Evans*, 155 MDA 2015, 2015 WL 6941510, at *3 (Pa. Super. Ct. July 10, 2015).

Because the defense of res judicata can properly be raised by preliminary objections in this matter, we will now focus on whether the Plaintiff's action is barred by said doctrine. For the doctrine of res judicata to apply, Defendant must demonstrate the following four concurrent conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.

This Court finds that the Defendant has demonstrated that the first and second concurrent conditions of a res judicata defense are met. In its preliminary objections, Defendant argues that the "identity of the thing being sued upon" in the instant action and Plaintiff's previous actions is the nonpayment of the Hanyon Referral fees. The Defendant also argues that the "identity of the cause of action" in the instant matter and Plaintiff's previous actions is a breach of contract claim. According to Defendant, the cause of action in the instant matter is essentially a breach of contract claim, and not an unjust enrichment claim, because Plaintiff alleges in the Fourth Amended Complaint that there was a valid oral argument between the parties with regard to the Hanyon Referral fee, and that Defendant's refusal to pay the referral fee was contrary to the alleged agreement. Defendant argues that it is clear that Plaintiff's claim arises solely from an alleged contract; therefore, the doctrine of unjust enrichment is inapplicable to the instant matter. In the alternative, Defendant argues that if an unjust enrichment claim is applicable, the claim will still be barred by the doctrine of res judicata because Plaintiff had an obligation to assert this claim in his previous actions against Defendant.

In the instant matter, Plaintiff has raised a claim of unjust enrichment and demands restitution alleging that Defendant has failed to pay him 33 1/3% of the legal fees that the Law Firm collected in relation to the Hanyon Referral. Plaintiff's earlier actions against Defendant differ slightly in that they raise claims for breach of contract. In the previous litigation, as well

12

as in the instant matter, Plaintiff has asserted that the parties had an oral agreement under which he would receive a share of the legal fees for the Hanyon Referral.

"An unjust enrichment claim is not based upon the existence of contract, but instead is an alternative to a contract claim." *Vacula v. Chapman*, 230 A.3d 431, 437, 2020 PA Super 50 (2020).

> A claim for unjust enrichment arises from a quasi-contract. A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another.
> The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched. *Stoeckinger v. Presidential Fin. Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa.Super. 2008) (cleaned up, emphasis added).

*Vacula v. Chapman*, 230 A.3d at 437.

It is clear that the "identity of the thing sued upon", which is the nonpayment of the Hanyon Referral fees is the same in both the instant matter and in Plaintiff's previous litigation against Defendant. Therefore, we find that Defendant has demonstrated that the first concurrent condition of a res judicata defense is met.

As to the second concurrent condition, this court believes that Defendant also has demonstrated that the "identity of the cause of action" in the instant litigation and in Plaintiff's previous actions are the same. Although Plaintiff attempts to frame the cause of action in the instant matter as a claim for unjust enrichment, it is obvious that he is attempting to re-litigate his breach of contract claims. In his Fourth Amended Complaint, Plaintiff again asserts that he and

Defendant originally had an oral agreement that Plaintiff would be paid a referral fee, in the amount of 33 1/3% of the legal fees that Defendant received from the Hanyon Referral matter. Plaintiff further asserts that after he was informed that the referral fee was improper, he entered into an employment agreement with Defendant, which waived his rights to the referral fees, in an attempt to avoid the prohibited fee sharing arrangement between the parties. In the instant matter, Plaintiff is now raising a claim of unjust enrichment because he never received the Hanyon Referral fee, and is demanding restitution, in the amount of 33 1/3% of the legal fees that Defendant received from the Hanyon settlements. As already explained above, in Plaintiff's previous litigation he asserted breach of contract claims related to the nonpayment of the Hanyon Referral fees. This Court agrees with Defendant that the instant matter appears to be a breach of contract claim, not an unjust enrichment claim. Therefore, we find that the second concurrent condition of a res judicata defense is met.

However, it is noted that, Plaintiff's unjust enrichment[10] claim is also barred because the Pennsylvania Superior Court has held that breach of contract claims and unjust enrichment claims must be pled alternatively. Plaintiff's unjust enrichment claim and breach of contracts claims are alternate theories of recovery, meaning they are different means to recover the same damages or relief for a single harm arising from the same facts and circumstances; therefore, Plaintiff had an obligation to raise these claims at the same time. Additionally, the doctrine of res judicata will bar a party from raising issues in subsequent litigation that could have been

---

[10] The Pennsylvania Superior Court has held that "theories of breach of contract and unjust enrichment *must* be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven...." *Lugo v. Farmers Pride, Inc.* 2009 Pa.Super. 5, ¶ 16, 967 A.2d 963, 970 (2009) citing *Birchwood Lakes Community Ass'n, Inc. v. Comis*, 296 Pa.Super.77, 442 A.2d 304, 308-309 (1982). "If a plaintiff fails to prove a cause of action on an express contract, he may not then attempt to prove his case in quasi-contract, unless his complaint originally, or as amended sets forth a cause of action in quasi contract." *Birchwood Lakes Community Ass'n, Inc. v. Comis*, 296 Pa.Super.77, 86, 442 A.2d 304, 308(1982).

litigated in the first suit, but were not. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super at 232, 464 A.2d at 1316, 318.

We find that the third and fourth concurrent conditions of a res judicata defense are also met because Defendant has demonstrated that the "identity of persons and parties to the action" and "the identity of the quality or capacity of the parties suing or sued" is the same. The original actions included breach of contract claims against Riley and Fanelli, P.C by the Plaintiff Wishnefsky. In the instant matter, Plaintiff is suing Fanelli, Evans and Patel, P.C., f/k/a Riley and Fanelli, P.C. Further, in his Fourth Amended Complaint, Plaintiff acknowledged that in 2005, Riley and Fanelli, P.C., changed its name to Fanelli, Evans and Patel, P.C. Thus, it is clear that the Defendant in the instant matter is the same law firm that Plaintiff sued in his previous actions. Therefore, this Court finds that the "identity of persons and parties to the action" are the same. It is also clear that, in the instant matter, Defendant is being sued in the same capacity as it was by Plaintiff in his previous lawsuits. Therefore, we find that "the identity of the quality or capacity of the parties suing or sued" in the instant matter and Plaintiff's previous lawsuits is the same; thus, the fourth concurrent condition is met.

It is further noted that Plaintiff has alleged that both of his prior actions were finally resolved on their merits. In S-21-1999, the Honorable Cyrus Palmer Dolbin granted the Defendant's motion for summary judgment. Upon the Plaintiff's appeal, the Superior Court affirmed the trial court order in a precedential opinion at *Wishnefsky v. Riley & Fanelli*, P.C., 2002 PA Super 153, 799 A.2d 827 (2002). The Plaintiff appealed to the Pennsylvania Supreme Court, which denied the appeal at *Wishnefsky v. Riley & Fanelli*, P.C., 572 Pa. 709, 813 A.2d 844(2002). In the S-1081-2001 case, the Honorable Jacqueline Russell granted summary judgment to Defendants by Order dated October 20, 2014. The Pennsylvania Superior Court affirmed in an unpublished opinion at *Wishnefsky v. Evans*, 155 MDA 2015, 2015 WL 6941510,

at *3 (Pa. Super. Ct. July 10, 2015), and the Pennsylvania Supreme Court denied allowance of appeal in *Wishnefsky v. Evans*, 633 Pa. 789, 128 A.3d 221 (2015). The doctrine of res judicata "provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded." *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa.Cmwlth. 2002). Additionally, res judicata bars a party from raising issues in subsequent litigation that could have been litigated in the first suit, but were not. It could not be more clear that the Plaintiff has already had the opportunity to litigate the claims set forth herein, and that his instant unjust enrichment claim is barred by the doctrine of res judicata. The Plaintiff had a full and fair opportunity to litigate his claims, and they were finally resolved through the Pennsylvania appellate courts.

As this Court has determined that the doctrine of res judicata is applicable to the instant matter, Plaintiff's Fourth Amended Complaint must be dismissed with prejudice. Given this disposition, we need not address Defendant's remaining preliminary objections. Therefore, Defendant's Preliminary Objections 2-5 are deemed moot.

Accordingly, we enter the following Order: